IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA GARRETT JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-3867 |
| | § | |
| EK REAL ESTATE SERVICES OF NY, | § | |
| LLC, an affiliate of EASYKNOCK, INC. | § | |
| and LENDING ONE, LLC, | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

*Defendant* EK Real Estate Services of NY, LLC ("*Defendant*"), hereby gives notice of the removal of the state court civil action described below. As grounds for the removal, Defendant respectfully states the following:

### I. INTRODUCTION

1. On October 7, 2020, Plaintiff Vanessa Garrett Jackson ("*Plaintiff*") filed her Original Answer and Affirmative Defenses to Plaintiff's Original Petition, Emergency Motion to Stay Eviction Proceeding and Request for Disclosures ("*Complaint*"), numbered and styled as Cause No. 20-002597-CV-85, *Vanessa Garrett Jackson v. EK Real Estate Services of NY, LLC, an affiliate of EasyKnock, Inc. and Lending One, LLC*, in the 85th Judicial District Court of Brazos County, Texas.

2. In the Complaint, Plaintiff asserts claims against Defendant regarding a loan related to residential property located at 4008 Settler's Way, Bryan, Brazos County, Texas 77808 (the "*Property*"). Plaintiff alleges she entered into an impermissible sale-leaseback contract with

Defendant.[1] Plaintiff also seeks a declaratory judgment declaring the contract void and affirming title in the Property in Plaintiff's name.[2]

3.  In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II. TIMELINESS OF NOTICE OF REMOVAL

4.  Defendant was served with Plaintiff's Complaint on October 16, 2020, less than thirty days ago. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely.[3]

## III. JURISDICTION & VENUE

5.  This is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a). Defendant seeks to remove this case to the Southern District of Texas, Houston Division. The 85th District Court of Brazos County, Texas is located within this District, and cases arising from Brazos County are properly assigned to the Southern District of Texas, Houston Division.[4]

---

[1] *See* Complaint, Dkt 1-1, ¶¶19, 24.
[2] *Id.*, ¶20.
[3] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").
[4] *See* 28 U.S.C. § 124(b)(2).

7.  Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with written notice of removal and a copy of this Notice of Removal is being filed with the Brazos County District Clerk for the 85th District Court of Brazos County, Texas.

## IV.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

8.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  Complete diversity exists.

9.  Complete diversity exists because Plaintiff and Defendants are not citizens of the same state.

10. Plaintiff claims she is residing in Brazos County, Texas and is thus considered a citizen of Texas.[5]

11. Defendant EK Real Estate Services of NY, LLC is a New York limited liability company with its headquarters in New York. A limited liability company's citizenship is determined by the citizenship of all of its members.[6] The sole member of EK Real Estate Services of NY, LLC is EasyKnock, Inc., which is a corporation organized under the laws of Delaware. Based on the foregoing, Defendant EK Real Estate Services of NY, LLC is not a citizen of Texas.

12. Plaintiff's Complaint alleges that Defendant LendingOne, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware with its

---

[5] *See* Complaint, ¶1.
[6] *Harvey v. Gray Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

principal place of business is in Boca Raton, Florida. LendingOne, LLC's members are citizens of Florida, New York, New Jersey, Pennsylvania, Delaware, California, and North Carolina.

13.     Because Plaintiff is a citizen of Texas and Defendants are not citizens of Texas, complete diversity among the parties exists.

**B.     The amount in controversy exceeds $75,000.00.**

14.     In the Complaint, Plaintiff seeks, among other remedies, declaratory relief that Defendant has "no rights, title or ownership in the Property" and that the General Warranty Deed with Vendor's Lien executed by Plaintiff "is void as a matter of law."[7] When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[8] Here, according to the Brazos County Appraisal District, the value of the real property at issue is $227,884.00.[9] Accordingly, the amount in controversy exceeds $75,000.00 and the requirements for diversity jurisdiction are met.

## V.  VENUE

15.     Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Brazos County, Texas—the location of the pending state court action.[10]

---

[7] *See* Complaint, ¶20(a)(-(b).
[8] *See Nationstar Mortg., LLC v. Knox*, 351 Fed.Appx. 844, 848 (5th Cir. 2009) quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).
[9] *See* Brazos County Appraisal District Summary attached as **Exhibit "B"**. It is appropriate for the court to take judicial notice of the Brazos County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Brazos County Appraisal District—cannot reasonably be questioned.  *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).
[10] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2) (stating that the Houston Division of the Southern District includes Brazos County).

## VI.  ADDITIONAL REQUIREMENTS

16. Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Brazos County, Texas.

17. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.[11]

18. In filing this Notice of Removal, Defendant does not waive, and specifically reserves, the right to compel arbitration.[12]

19. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

20. Plaintiff did not demand a jury trial in the Complaint.

21. Counsel for Defendant EK Real Estate Services of NY, LLC has conferred with counsel for Defendant LendingOne, LLC who represented it is not opposed to this removal.

WHEREFORE, having satisfied the requirements for removal, Defendant EK Real Estate Services of NY, LLC gives notice that Cause No. 20-002597-CV-85 originally filed in the 85th Judicial District Court of Brazos County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Matthew A. Knox*
**MATTHEW A. KNOX**
State Bar No. 24071102
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, TX 77002
Telephone: (713) 335-2119
Facsimile: (713) 520-1025
mknox@mcglinchey.com
***Attorneys for Defendant EK Real Estate Services of NY, LLC***

---

[11] *See* 28 U.S.C. § 1446(a).
[12] *See Kane v. Yancy*, No. H-15-1861, 2015 U.S.Dist. LEXIS 173991 *13 (S.D.Tex Dec. 7, 2015) (removing case to federal court before filing a motion to dismiss and compel arbitration did not substantially invoke the judicial process that could support waiver of arbitration).

## CERTIFICATE AND NOTICE OF FILING

I certify that on the 13th day of November, 2020, the foregoing Notice of Removal was sent to the District Clerk of Brazos County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorneys of record for Plaintiff and all other counsel.

*/s/ Matthew A. Knox*
Matthew A. Knox

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant's Notice of Removal was filed with the U.S. District Clerk's office by operation of the Court's efiling system and has been served on all parties in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on November 13, 2020 to all parties and counsel of record, shown below:

***Via CMRRR, Email and/or Via the Court's E-Filing Service System***
Robin M. Ziek
3401 Allen Parkway, Suite 101
Houston, Texas 77019

Stephen D. Jackson
Stephen D. Jackson & Associates
steve@stevejacksonlaw.com
215 Simonton
Conroe, Texas 77301
***Attorneys for Plaintiff***

***Via CMRRR, Email and/or Via the Court's E-Filing Service System***
Andrew C. Wright
Helen H. McLaughlin
Buck Keenan LLP
2229 San Felipe, Suite 1000
Houston, Texas 77019
wright@buckkeenan.com
hmclaughlin@buckkeenan.com
***Attorneys for Defendant LendingOne, LLC***

*/s/ Matthew A. Knox*
Matthew A. Knox