United States District Court
Southern District of Texas
**ENTERED**
April 27, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANESSA GARRETT JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-3867 |
| | § | |
| EK REAL ESTATE SERVS. OF NY, LLC, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The parties have moved to vacate the court's March 26, 2021, Memorandum and Opinion denying EK Real Estate's motions to compel arbitration and to dismiss or stay this case. (Docket Entry Nos. 24, 40). For the reasons set out below, the court grants the request and vacates its Memorandum and Opinion for the limited purpose of facilitating settlement.

Vacatur is an "extraordinary remedy," and the determination of whether to vacate is "an equitable one." *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 26, 29 (1994). When the parties seek to vacate an opinion issued before judgment is entered, the court considers several factors, including: "[a] the parties' desire to avoid any potential preclusive effect; [b] the public interest in the orderly operation of the federal judicial system; [c] the court's resources that will be expended if the case continues; . . . [d] the parties' interest in conserving their resources," *Modern Grp. Ltd. v. Pinnacle Companies, Inc.*, No. 1:12-CV-00043, 2013 WL 12139156, at *1 (E.D. Tex. Aug. 2, 2013), *Cisco Sys., Inc. v. Telcordia Techs., Inc.*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008); and "[e] whether the parties have caused mootness by voluntary action," *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1068 (E.D.

Tex. 2011). When a settlement results from mediation, the court may also consider: "[f] the stage of proceedings at which the judgment in question occurred; [g] the standard of review that will be applied by the Circuit Court if the case is not vacated; and [h] . . . the complexity of the matter, if that is likely to increase the chance of reversal." *Ohio Willow Wood*, 769 F. Supp. 2d at 1068.

The court concludes that the factors weigh in favor of vacatur. Vacating the Memorandum and Opinion to facilitate settlement will save the court and the parties significant resources. The court has so far addressed one substantive motion. (Docket Entry Nos. 11, 24). The parties finished filing their amended pleadings less than two weeks ago. (Docket Entry Nos. 25, 30, 32, 33). Discovery will close in three months, and trial is six months away. (Docket Entry No. 22). Settlement at this stage will save substantial resources.

Although the public interest generally disfavors vacatur when appeal is available, *U.S. Bancorp*, 513 U.S. at 27, the public interest here favors it. This case involves on an indigent homeowner facing eviction and the loss of her homestead. Her counsel is pro bono. Allowing the parties to resolve their dispute without the uncertainty of trial or appeal serves the public interest. The court grants the motion to vacate the Memorandum and Opinion, without any implication as to the validity of the reasoning or result.

The court's March 26, 2021, Memorandum and Opinion, (Docket Entry No. 24), is vacated for the limited purpose of facilitating settlement.

SIGNED on April 27, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

2